## TERRITORY *v.* J. MIYAMOTO.

## No. 1713.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

ARGUED FEBRUARY 9, 1927.            DECIDED MARCH 3, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

CRIMINAL LAW—*embezzlement—application of funds.*

> When the manager of a corporation loans the funds of the corporation to another on the strength of the promise of a third person to contribute a portion of the loan, such manager is not guilty of embezzlement if subsequent to the loan such third person, in compliance with his promise, delivers to the manager the amount of his contribution and he (the manager) uses it to reimburse the corporation.

### OPINION OF THE COURT BY BANKS, J.

The defendant was convicted and sentenced on an indictment charging him with embezzlement. In substance he was charged with having on the 28th day of May, 1924, fraudulently, unlawfully and feloniously con-

verted to the use of The First Savings Development Company of Maui, Limited, the sum of $100, the property of one K. Ohta. At the conclusion of the evidence defendant moved for a directed verdict on the theory that there was not a scintilla of evidence that defendant had any felonious intent to deprive Ohta of his property. The motion was overruled and this action of the court forms the basis of the defendant's exception No. 2, to which we will first address ourselves.

The material facts are as follows: Sometime in the early part of 1924 the defendant, who was the manager of The First Savings Development Company of Maui, Limited, received a letter from Dr. K. Tofukuji of Lahaina, Maui (who was temporarily in Japan), requesting the loan of $750, the money to be transmitted to him in Japan. The defendant, shortly after the receipt of the letter, so advised some of Dr. Tofukuji's friends, including Ohta, the prosecuting witness, and stated to them that the Savings Development Company was not then in a position to make a loan to the doctor of the entire amount requested. It was thereupon agreed between four of the doctor's friends, including Ohta and the defendant, that each of them would contribute $100, making a total of $400, which, added to the amount the Savings Development Company was willing to lend the doctor, would make up the required sum of $750. On March 21, 1924, and after the four friends had agreed to contribute, but before Ohta paid his contribution, the Savings Development Company transmitted to Dr. Tofukuji out of its own funds $750 and charged it against him on its books. On May 28, following, Ohta, in confirmation of his agreement, handed to the defendant his check on the Bank of Maui for $100 as his (Ohta's) contribution to the Tofukuji loan. Ohta did not then know that any amount had been sent by the Savings Develop-

ment Company to Dr. Tofukuji. The check was payable° to the defendant and was indorsed by him and was deposited with the Bank of Maui to the credit of the Savings Development Company. Dr. Tofukuji had not up to that time been informed that Ohta or any one else other than the Savings Development Company was connected with the loan to him or had contributed to it.

After Dr. Tofukuji returned from Japan he paid to the Savings Development Company the entire amount of his loan less $343.04. Upon being informed that Ohta had contributed $100 of the amount he had received Dr. Tofukuji executed and delivered to Ohta his promissory note for $343.04. This amount included the $100 Ohta had contributed; the remaining $243.04 being included in the note because of some agreement between defendant as manager of the Savings Development Company and Dr. Tofukuji, which agreement does not affect the question we now have in mind. Dr. Tofukuji was ready and willing and offered to pay the note to Ohta upon condition that Ohta would surrender the note to him. This Ohta declined to do.

Should we hold as a matter of law that these facts do not impute to the defendant the crime of embezzlement? Or should we hold that they require the submission of the question to a jury?

In order to expose the question more clearly let us eliminate all the parties to the transaction except Dr. Tofukuji, the defendant and Ohta. Let us then suppose the doctor had requested the defendant to lend him $100; the defendant, feeling that he could not afford to accommodate the doctor to the full extent of his request, went to the doctor's friend Ohta and explained to him the situation; Ohta thereupon agreed that he would contribute $50 to the loan and handed the money to the defendant; the defendant then forwarded his own check

for $100 to the doctor and put the $50 Ohta had con-
tributed in his pocket, could it be contended that there
was a single element of embezzlement in the defendant's
act? Would the quality of the defendant's act be
changed from absolute innocence into the crime of embez-
zlement by the fact that Ohta did not pay to him the
amount of his contribution until some weeks after he
had agreed to contribute it? Stripped to its essential
facts, this is the case before us. We think, under the
foregoing circumstances, that, as a matter of law, the
defendant did not commit the crime of embezzlement.
As the manager of the Savings Development Company,
relying on Ohta's promise to contribute $100 to the loan
requested by Dr. Tofukuji, he was justified in advancing
the amount out of the company's funds and when Ohta
brought in his contribution he had a perfect right to
reimburse the company to that extent.

It seems to be the contention of the Territory that
Ohta intended to lend $100 to the doctor and not to the
Savings Development Company and that the defendant
defeated this intention by placing Ohta's check to the
credit of the company instead of sending the money to
the doctor, thus making the company and not the doctor
Ohta's debtor, and that Ohta was thereby defrauded.
This contention is unsound. No matter what Ohta's
intention was, the fact remains that the defendant, in
reliance upon Ohta's agreement to contribute $100 to the
amount Dr. Tofukuji desired to borrow and in antici-
pation that Ohta would fulfill his agreement, remitted
such amount to the doctor out of the funds of the
Savings Development Company. When therefore Ohta,
in fulfillment of his agreement, gave to the defendant his
check for $100, it was not only the right but the duty
of the defendant to apply it as a reimbursement *pro
tanto* of what the company had already advanced. By no

principle of law or justice can this be construed as a crime. Upon the doctor's return from Japan he was informed that Ohta had contributed $100 and agreed to pay it and gave Ohta his note for an amount more than sufficient to cover it. We perceive no fraud upon Ohta in the defendant's act nor was he in any way injured by it.

It is only necessary to consider exception No. 2. This exception is sustained and the verdict and sentence are set aside and the case is remanded to the circuit court for such further proceedings as may be proper not inconsistent with this opinion.

*H. L. Wrenn* (*J. L. Coke, E. R. Bevins,* County Attorney of Maui, *Wendell F. Crockett,* Deputy County At-torney of Maui, and *A. E. Jenkins* with him on the brief) for the Territory.

*E. Vincent* and *A. G. M. Robertson* (*F. M. Brooks* and *E. Vincent* on the briefs) for defendant.